COURT OF APPEALS OF VIRGINIA


Present:  Judges Willis, Bumgardner and Senior Judge Overton
Argued at Richmond, Virginia


DENNIS HENLEY, S/K/A
 DENNIS HENLEY, A/K/A DENNIS HINTON
                                    MEMORANDUM OPINION[*] BY
v.    Record No. 0385-99-2        JUDGE RUDOLPH BUMGARDNER, III
                                         MAY 16, 2000
COMMONWEALTH OF VIRGINIA


            FROM THE CIRCUIT COURT OF THE CITY OF RICHMOND
                     Robert W. Duling, Judge

            Matthew P. Geary (Goodwin, Sutton, Duval &
            Geary, on brief), for appellant.

            Marla Graff Decker, Assistant Attorney
            General (Mark L. Earley, Attorney General, on
            brief), for appellee.


     The trial court convicted Dennis Henley of possession of

cocaine upon a conditional plea of guilty.  On appeal, he argues

the trial court erred in denying his motion to suppress.  He

contends the seizure was illegal because the officer did not

have reasonable suspicion that he was engaged in criminal

activity or probable cause to search him.  For the following

reasons, we affirm.

     "In reviewing a trial court's denial of a motion to

suppress, '[t]he burden is upon [the defendant] to show that

th[e] ruling, when the evidence is considered in the light most

_____

     * Pursuant to Code § 17.1-413, recodifying Code
§ 17-116.010, this opinion is not designated for publication.

favorable to the Commonwealth, constituted reversible error.'" McGee v. Commonwealth, 25 Va. App. 193, 197, 487 S.E.2d 259, 261 (1997) (en banc) (citation omitted). While we review de novo the ultimate questions of reasonable suspicion and probable cause, we "review findings of historical fact only for clear error and . . . give due weight to inferences drawn from those facts by resident judges and local law enforcement officers." Ornelas v. United States, 517 U.S. 690, 699 (1996).

Officer James Harrison and several other officers executed a search warrant for drugs at a residence. Harrison found the defendant in the dining area, searched him, and found cocaine on his person. Harrison testified that the warrant was an all persons warrant. Neither side introduced the warrant itself.

When a search is conducted pursuant to a warrant, "the defendant must rebut the presumption of validity by proving that the warrant is illegal or invalid." Lebedun v. Commonwealth, 27 Va. App. 697, 711, 501 S.E.2d 427, 434 (1998). This Court has upheld the validity of warrants authorizing the search of all persons present in the named location. See Morton v. Commonwealth, 16 Va. App. 946, 951, 434 S.E.2d 890, 893 (1993).

The defendant did not attack the validity of the warrant or the information upon which the magistrate found probable cause to issue the warrant to search all persons present. The uncontradicted evidence established that the search warrant authorized a search of all persons present at the residence.

-

The defendant was present as the officers entered to execute the warrant, so the search of him was proper.  The trial court did not err in denying the motion to suppress.  Accordingly, we affirm the conviction.

<u>Affirmed.</u>